Mr. Justice Grier
delivered the opinion of the court:
The claimant has not shown that he was ever known or recognized by the United States as one of the parties to, or as interested in, the contract made by Captain Meigs, on behalf of the United States, for furnishing bricks for the construction of the Washington Aqueduct. The contract provides that it should not be sublet or assigned.
The petition shows that the claimant was acting under a con-' tract with Mechlin & Alexander, (who were the sureties for the fulfilment of the contract of Degges & Smith,) and not under *58 a contract with the United States, and was recognized only as agent, attorney-in-fact, or employé of the sureties; and that under the resolution of Congress approved March 3, 1857, by which the Secretary of the Treasury was authorized to settle with all the parties, respectively, in the contract, the claimant was not included, because he was no party to it, either originally or by substitution.
The award made by the Secretary of the Treasury, and the payment of the money under it, were in strict accordance with the provisions of the resolution. The Secretary properly declined to settle the account between Mechlin and Alexander as to how the money so paid should be divided between them and their agent. Of this sum the petitioner received $10,476.90, which he accepted, u under protest ” which could only mean saving his right to importune Congress or the Court of Claims for more. This has sometimes proved a valuable privilege. But something more is necessary to recover in a court of justice.
The judgment of the Court of Claims is affirmed.